UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MILUM WESTON ) | |
| ) | |
| v. ) | NO. 2:04-CV-405 |
| ) | |
| JO ANNE B. BARNHARDT, ) | |
| Commissioner of Social Security ) | |

**MEMORANDUM OPINION**

The plaintiff Milum Weston has filed a motion for a judgment on the pleadings on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Mr. Weston was born in 1962 and was 41 years old at the time of his administrative hearing. [Tr. 31, 61]. He graduated high school and has relevant past work experience as a production foreman, machine operator, blender, and pumpman. [Tr. 13, 31]. Mr. Weston alleges he is disabled as of December 17, 2002, from back and knee pain, sleep apnea, a tracheotomy, back surgery, numbness in his right foot, and constant pain. [Tr. 14]. Based in part upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Weston

was not disabled as defined by the Social Security Act. [Tr. 15].

At Mr. Weston's administrative hearing held on April 15, 2004, his testimony was received into evidence. [Tr. 30-47]. Mr. Weston testified he lived in a house with his wife and two children. [Tr. 30]. He indicated he has not worked since December 2002 and believed that pain, stiffness, and arthritis in his lower back kept him from working in the present. [Tr. 33]. Mr. Weston also experiences problems with his right knee, has a steel plate and four screws in his neck, and suffers from congenital heart failure. [Tr. 34-35]. He remains able to drive a vehicle and mow his yard, albeit it at a slower pace than before. [Tr. 40, 42].

The ALJ ruled that Mr. Weston was not disabled because his severe impairments of degenerative disc disease with back pain and mild degenerative right knee arthritis were not severe enough to warrant a finding of disability. [Tr. 15]. The ALJ then found that he retained the residual functional capacity [RFC] to perform a reduced range of sedentary work that did not require prolonged climbing, standing, and kneeling or repetitive bending or stooping. [Tr. 19].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Weston requests a judgment on the pleadings and challenges the ALJ's finding that his medical impairments of obesity, diabetes, neck problems, sleep apnea, and hypertension were not severe. The ALJ discussed Mr. Weston's obesity and found that because he had been able to work while obese, his obesity was not a severe impairment. [Tr. 17]. As for Mr. Weston's diabetes, the ALJ noted the medical record before him did not detail treatment for the impairment. [*Id.*]. Mr. Weston's neck problems were also resolved, according to medical doctors, by a July 2000 surgery. [Tr. 19]. The medical record is devoid of evidence of any limitations arising from Mr. Weston's sleep apnea. [Tr. 17, 18]. Finally, the medical evidence did not support Mr. Weston's claims for hypertension because it lacked evidence of extensive treatment for a 12 month period. [Tr. 18]. Based on the above evidence, the ALJ's decision regarding Mr. Weston's alleged impairments was made with substantial evidence.

Mr. Weston also contends the ALJ erred in his credibility assessment. The ALJ remarked that Mr. Weston's allegations were "not credible to the extent alleged." [Tr. 18]. The ALJ noted that Mr. Weston was still able to care for his dog, drive his children to school, do laundry, perform light housework, vacuum, mow the lawn, and grocery shop. [*Id.*]. Mr. Weston's ability to perform these activities belies his claim that he could not work in any capacity; consequently, this court agrees with the ALJ's decision. Ultimately, however, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

After careful consideration of the entire record of proceedings related to this case, Mr. Weston's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

      s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE